NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID G. BRESCIA,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7059

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2780, Judge Alan G. Lance, Sr.

---

Decided: February 10, 2016

---

MAXWELL DOUGLAS KINMAN, Alexander, Webb, and Kinman, Mason, OH, argued for claimant-appellant.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, AMANDA R. BLACKMON, DAVID J. BARRANS, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, O'MALLEY, and WALLACH, *Circuit Judges*.

PER CURIAM.

David G. Brescia ("Brescia") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") which affirmed the May 6, 2013 decision of the Board of Veterans' Appeals ("the Board") denying his claim for service connection for post-traumatic stress disorder. *Brescia v. McDonald*, No. 13-2780, 2015 WL 307028 (Vet. App. Jan. 26, 2015). Specifically, Brescia argues that: (1) the Board and the Veterans Court improperly ignored or downgraded certain lay evidence he submitted in support of his service connection claim; and (2) the Department of Veterans Affairs failed to comply with the Board's prior remand order.

Because Brescia's arguments on appeal concern only challenges to factual determinations or, at most, the application of law to the facts of his case, we lack jurisdiction. *See* 38 U.S.C. § 7292(d)(2) (2012); *see also Dyment v. Principi*, 287 F.3d 1377, 1381 (Fed. Cir. 2002) (holding that the claimant's disagreement with the Veterans Court over whether a specialist complied with the Board's remand order was a factual challenge beyond our jurisdiction); *Chest v. Peake*, 283 F. App'x 814, 817 (Fed. Cir. 2008) ("[W]hether or not the remand order was substantially fulfilled—is not a question that can be reviewed without our examining the Veterans Court's application of law to fact, a task that we are prohibited from undertaking."). We therefore dismiss this appeal.

**DISMISSED**

COSTS

No costs.